IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CHRISTOPHER VAUGHN, § | |
|    Plaintiff, § | |
| § | |
| v. § | EP-19-CV-00340-KC-ATB |
| § | |
| LUIS ANAYA, § | |
|    Defendant. § | |

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered Defendant Anaya's Motion for Summary Judgment, filed by Defendant Luis Anaya ("Anaya") on September 3, 2021. (ECF No. 82). The matter was referred to this Court pursuant to the Standing Order referring prisoner civil rights cases to United States Magistrate Judges.

For the reasons set forth below, the Court **RECOMMENDS** that Defendant Anaya's Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND

### a. Procedural Background

Plaintiff Christopher Vaughn ("Vaughn"), proceeding *pro se* and *in forma pauperis*, filed his initial complaint on November 22, 2019, alleging multiple constitutional violations by numerous defendants based upon his time in custody of the El Paso County Sheriff's Office. (ECF No. 2). On May 8, 2020, Vaughn filed his amended complaint ("Complaint"), adding Anaya as a defendant in his official and individual capacities, and alleging that Anaya assaulted him on

1

January 31, 2020, using excessive force in violation of his Eighth Amendment right against infliction of cruel and unusual punishment. (ECF No. 27, p. 4, 9).[1]

After a Report and Recommendation from this Court (ECF No. 30), the District Court dismissed all claims on September 4, 2020, pursuant to 28 U.S.C. § 1915(e)(2), except for Vaughn's excessive use of force claims against Anaya and Defendant (Unknown) Acosta. (ECF No. 36, p. 21). Subsequently, the claim against Defendant (Unknown) Acosta was severed and dropped from this suit. (*Id.*).

On October 15, 2020, Anaya filed his "12(b)(6) Motion to Dismiss Defendant in His Official and Individual Capacity." (ECF No. 43). After a Report and Recommendation from this Court (ECF No. 44), the District Court granted in part and denied in part Anaya's Motion to Dismiss. (ECF No. 51, p. 3) (granting Anaya's Motion to Dismiss Vaughn's claims against Anaya in his official capacity and denying Anaya's Motion to Dismiss Vaughn's claims against Anaya in his individual capacity).

On September 3, 2021, Anaya filed the instant Motion seeking summary judgment against Vaughn. (ECF No. 82). To date, Anaya's Motion remains unopposed as Vaughn has not filed a response.

    b.    **Factual Background**[2]

In his Complaint, Vaughn seeks to bring an excessive use of force claim against Anaya. (ECF No. 27, p. 4, 9). Vaughn alleges that on January 31, 2020, Vaughn began to flood his cell after Defendant Officer Anaya told Vaughn he would not be receiving his evening snack or milk.

---

[1] Although Vaughn alleges his excessive force claims are a violation of his Eighth Amendment right, the District Court previously held that Vaughn's constitutional rights as a pretrial detainee "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." (ECF No. 36, p. 5) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996)).
[2] While recounting the factual background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

(*Id.* at p. 10). Thirty minutes later, Anaya and another officer approached Vaughn's cell, and Vaughn alleges that Anaya told him that Anaya and the other officer were "coming in to [beat] you up." (*Id.*). Vaughn alleges in his Complaint that he stood facing the wall with his hands above his head, and Anaya came in with the other officer and punched Vaughn twice in his lower back. (*Id.*). Vaughn alleges that Anaya then put Vaughn in a headlock. (*Id.*). Next, Vaughn alleges he was taken out of his cell with his hands cuffed behind his back and his arms raised high thereby causing him to bend over and suffer pain. (*Id.*). The officers then moved Vaughn into a visitation cell while still in handcuffs. (*Id.*).

While still handcuffed in the visitation cell, Vaughn alleges that he requested to see a corporal, but Anaya responded to Vaughn that "they were not going to find out." (*Id.* at p. 11). Vaughn then "broke the phone knowing this would get [him] put in the violent cell down in booking where [he] could report the staff assault to a corporal and get medical attention." (*Id.*). Subsequently, Vaughn alleges that while Anaya and the other officer were taking Vaughn from the visitation cell to a violent cell in the booking unit of the jail, the officers "slammed [Vaughn] into the door hitting [his] face." (*Id.*). Upon arriving at booking, Vaughn then alleges that the officers placed his face "into the violent cells [sic] toilet in the ground." (*Id.*).

After these incidents, Vaughn was taken to "medical" where Vaughn alleges a nurse noticed red marks on his neck and back. (*Id.*). Vaughn alleges that he requested that pictures be taken of his injuries, however, his request was denied. (*Id.*).

## II.   LEGAL STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return

a verdict for the non-moving party, and a fact is material if it might affect the outcome of the suit." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (citations omitted).  A "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (alteration in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

If the moving party meets this initial burden, "the onus shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'"  *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).  The Court must draw all reasonable inferences in favor of the nonmoving party and refrain from making credibility determinations.  *Id.*

## III.   ANALYSIS[3]

---

[3] In Vaughn's Complaint, Vaughn states "[u]nder the penalty of perjury the herein statement of facts is true and correct to the best of my knowledge." (ECF No. 27, p. 12).  This attestation is sufficient to qualify Vaughn's complaint as a "verified complaint." *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (finding the plaintiff had a "verified complaint" when the plaintiff attached a signed declaration under penalty of perjury that "the foregoing is true and correct").

"On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit."  *Id.* at 765.  However, a "sworn amended complaint may serve as competent summary judgment evidence [only] 'to the extent that it comports with the requirements of Fed. R. Civ. P. 56(e).'"  *Traylor v. Spivey*, No. 3:19-CV-0576-S-BH, 2020 WL 1498174, at *5 (N.D. Tex. Feb. 17, 2020) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).  Federal Rule of Civil Procedure 56(e) states, in relevant part, that "[i]f a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."  *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011) (quoting *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)); *see also* Fed. R. Civ. P. 56(c)(3) ("The Court need consider only the cited materials, but it may consider other materials in the record.").  On the contrary, a "party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."  *Williams*, 432 F. App'x at 302. (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)); *see also Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) (noting as incorrect the proposition "that the entire record in the case must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered").  Therefore, "[w]hen evidence exists in the

    **a.**    **Anaya is Entitled to Summary Judgment Since the Undisputed Evidence Negates Vaughn's Claims of Excessive Force**

In his Complaint, Vaughn alleges that Anaya inflicted cruel and unusual punishment upon him through the use of excessive force. However, Anaya argues that "video evidence, affidavits, and neglected requests for admissions[4] corroborate [that] the allegations are disingenuous." (ECF No. 82, p. 4).

Pretrial detainees have a constitutional right under the Fourteenth Amendment's Due Process Clause to be free from the use of excessive force. *Kingsley v. Hendrickson*, 576 U.S. 389, 402 (2015). To prove an excessive force claim, "a pretrial detainee must show only that the force purposefully and knowingly used against him was objectively unreasonable." *Id.* at 396-97. "[O]bjective reasonableness turns on the 'facts and circumstances in each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). A court must assess the reasonableness of the force used "from the perspective and with the knowledge of the defendant officer" and with "deference to policies and practices needed to maintain order and institutional security." *Id.* at 399-400. In determining the objective reasonableness of an officer's use of force,

---

summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Williams*, 432 F. App'x at 303 (alteration in original) (quoting *Smith ex. Rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)). Furthermore, "the requirement that the party with the burden of proof set forth specific facts supporting his claim in response to a motion for summary judgment is not abandoned in *pro se* prisoner cases." *Castillo v. Bowles*, 687 F. Supp. 277, 280 (N.D. Tex. 1988).

Here, Vaughn has not responded to Anaya's Motion for Summary Judgment, nor has Vaughn sent any correspondence to the Court since Anaya filed his Motion for Summary Judgment. The Court finds that Vaughn has failed to refer to any evidence, including his verified Complaint, in opposition to Anaya's Motion for Summary Judgment. Therefore, the Court finds that the facts as set forth in Vaughn's Complaint are not before the Court at this time and thus do not create any disputes of material facts.

[4] Federal Rule of Civil Procedure 36(a)(3) states, in relevant part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Anaya served Vaughn with "Defendant's First Request for Admissions to Plaintiff" via United States mail on January 30, 2021. (ECF No. 82-4, p. 2, 7). To date, "Vaughn has neither timely responded nor objected." (ECF No. 82, p. 4 n.2). Therefore, the Court finds that Vaughn has admitted to the eighteen admission requests in "Defendant's First Request for Admissions to Plaintiff." *See* (ECF No. 82-4, p. 4-5).

a court should consider the following factors: (1) "the relationship between the need for the use of force and the amount of force used;" (2) "the extent of the plaintiff's injury;" (3) "any effort made by the officer to temper or limit the amount of force;" (4) "the severity of the security problem at issue;" (5) "the threat reasonably perceived by the officer;" and (6) "whether the plaintiff was actively resisting." *Id.* at 397 (*Kingsley* factors).

Anaya argues that "[s]ummary judgment is proper because the evidence negates . . . Vaughn's claims . . . that . . . Anaya violated [Vaughn's] constitutional rights . . . ." (ECF No. 82, p. 6). Specifically, there are three incidents where Vaughn alleges Anaya used excessive force: (1) when Anaya allegedly punched Vaughn twice in his lower back and placed Vaughn in a headlock ("Cell Incident"); (2) when Anaya and another officer allegedly "slammed [Vaughn] into the door hitting [his] face" while taking Vaughn from the visitation cell to the violent cell in booking unit ("Hallway Incident"); and (3) when Anaya and the other officer placed Vaughn's face "into the violent cells [sic] toilet in the ground" ("Toilet Incident"). *See* (ECF No. 27, p. 10-11). The Court will address these three alleged incidents in turn.

    1.    ***Cell Incident***

Immediately prior to the alleged Cell Incident, Vaughn alleges in his Complaint that Anaya told Vaughn that he and the other officer were "coming in to [beat Vaughn] up." (*Id.* at p. 10). During the alleged Cell Incident, Vaughn alleges in his Complaint that he was facing the wall with his hands above his head when Anaya entered the cell and punched Vaughn twice in the lower back, placed him in a headlock, and took him out of the cell with his hands cuffed behind his back and arms raised high, causing Vaughn to suffer pain." (*Id.*).

However, the Court finds no evidence before it to support Vaughn's allegations. In the uncontroverted Sworn Affidavit of Luis Anaya ("Anaya's Affidavit"),[5] Anaya states that he "entered Vaughn's cell with Officer Villanueva, cuffed Vaughn without incident, and moved him to the visitation area. There was no further physical interaction with this initial encounter." (ECF No. 82-3, p. 3); *see also* (ECF No. 82-4, p. 4) (unanswered admission request 6 stating: "[y]ou were not punched or placed in headlock while you were being cuffed"). Further, the Court finds that Anaya was responding to Vaughn flooding his cell. (ECF No. 82-3, p. 3); (ECF No. 27, p. 10). Anaya also attaches to his Motion for Summary Judgment an indictment charging Vaughn with misconduct during his detainment at the El Paso County Jail Annex prior to the Cell Incident. *See* (ECF No. 82-8, p. 2) (indictment dated October 28, 2019, charging Vaughn with felonious harassment of a public servant by "caus[ing] the urine of defendant [Vaughn], to contact [a person Vaughn knew was a public servant]").

Balancing the factors provided in *Kingsley*, the Court finds that Anaya's conduct during the Cell Incident was objectively reasonable given the circumstances. The use of force to cuff Vaughn was minimal and was a direct response to Vaughn flooding his cell. *See* (ECF No. 82-1, p. 2) ("In response to [] Vaughn flooding his cell, Officer Anaya and Officer Villanueva entered [] Vaughn's cell and cuffed him without incident."); (ECF No. 82-4, p. 4) (unanswered admission request 3 stating: "[a]s a result of you flooding your cell, Officer Anaya and Officer Villanueva entered your cell"). Further, although there is no evidence that Anaya perceived a direct threat of physical attack from Vaughn, Vaughn's prior history of incidents, in addition to Vaughn flooding

---

[5] While a court will resolve factual disputes in the non-movant's favor, it must do so "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Absent any proof, courts should not "assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Here, Vaughn has not responded to Anaya's Motion for Summary Judgment nor objected to Anaya's Affidavit. Therefore, the Court finds the facts contained in Anaya's Affidavit to be uncontroverted and therefore accepts them as true.

7

his cell, provides evidence that Anaya viewed Vaughn as a "recalcitrant inmate." *See Brown v. Gusman*, CA No. 15-1491-DEK, 2015 WL 6827260, at *5 (E.D. La. Nov. 6, 2015) ("[I]t is clear [regarding the need for the application of force] that the use of force is permissible in a variety of situations, not only when it is necessary to protect oneself from an imminent physical attack by an inmate. For example, the use of force is also appropriate when necessary to control a 'recalcitrant inmate.'"). Finally, Vaughn suffered no discernable injury from the encounter. *See* (ECF No. 82-7, p. 3) (affidavit of Nurse Regina Pereyra stating that "Vaughn did not present any [of] the alleged injuries contained in his [] Complaint or [attached exhibits].").

In sum, the Court finds that the *Kingsley* factors support the finding that Anaya's conduct during the Cell Incident was objectively reasonable given the circumstances. Accordingly, the Court recommends that Anaya's Motion for Summary Judgment be granted as to Vaughn's claims during the Cell Incident.

### 2.     *Hallway Incident*

During the alleged Hallway Incident, Vaughn alleges in his Complaint that Anaya and the other unknown officer "slammed [Vaughn] into the door hitting [his] face" while "walking between the 600 and 700 pods." (ECF No. 27, p. 11).

However, the Court finds no evidence before it to support Vaughn's allegations. In Anaya's Affidavit, Anaya states that he "noticed Vaughn damaged the phone because it was hanging on the wall in one piece prior to me placing him in [the visitation area] and [Vaughn] admitted to breaking it." (ECF No. 82-3, p. 3); *see also* (ECF No. 82-4, p. 4) (unanswered admission request 8 stating: "[w]hile at the visitation cell, you damaged property to get Officer Anaya's attention"); (ECF No. 82-9, p. 9-10) (information and complaint charging Vaughn with destroying tangible property on January 31, 2020, as a result of Vaughn "striking [the] telephone

8

headset against a wall"). When Anaya told Vaughn that he was being moved to the violent cell because Vaughn "had damaged the phone, was yelling obscenities, and kicking the visitation cell door," Vaughn told Anaya that "the violent cell is broken because I broke [it], just like [the phone], see." (ECF No. 82-3, p. 3). Vaughn was then moved to the violent cell without incident. (*Id.*); *see also* (ECF No. 82-4, p. 4-5) (unanswered admission request 9 stating: "[a]fter you damaged property in the visitation cell, Officer Anaya removed you from the visitation cell and transported you to the violent cell without incident"). Further, Anaya states that Vaughn's face was never "slammed into a door." (ECF No. 82-3, p. 4); *see also* (ECF No. 82-4, p. 5) (unanswered admission request 10 stating: "[y]ou were never slammed into anything during your transition to the violent cell"). Finally, surveillance video evidence shows that Anaya escorted Vaughn through a doorway and hallway without slamming Vaughn's face into any doors, walls, or any other incident. (ECF No. 82-6, 20:55:24-20:57:25); *see also* (ECF No. 82-4, p. 5) (unanswered admission request 11 stating: "[t]here's video of you showing you were never slammed into any doors during your transition to the violent cell"). Vaughn was also passively resisting at different times throughout his transfer to the violent cell. *See* (ECF No. 82-4, p. 5) (unanswered admission request 12 stating: "[y]ou were passively resisting throughout your transition to the violent cell").

Balancing the factors provided in *Kingsley*, the Court finds that Anaya's conduct during the alleged Cell Incident was objectively reasonable given the circumstances. First, the Court finds that the relationship between the need for the use of force, Vaughn continuing to destroy property, and the amount of force used, Anaya escorting Vaughn to the violent cell without incident, was properly proportionate. Next, Vaughn suffered no discernable injury from the encounter. *See* (ECF No. 82-7, p. 3) (affidavit of Nurse Regina Pereyra stating that "Vaughn did not present any [of] the alleged injuries contained in his [] Complaint or [attached exhibits]."). Further, as

9

discussed above, although there is no evidence that Anaya perceived a direct threat of physical attack from Vaughn, Vaughn's prior history of incidents, in addition to Vaughn flooding his cell and now destroying a phone in the visitation area, provides evidence that Anaya viewed Vaughn as a "recalcitrant inmate." *See Brown*, 2015 WL 6827260, at \*5.  Finally, Vaughn was passively resisting at different times throughout his transfer from the visitation area to the violent cell.

In sum, the Court finds that the *Kingsley* factors support the finding that Anaya's conduct during the alleged Hallway Incident was objectively reasonable given the circumstances. Accordingly, the Court recommends that Anaya's Motion for Summary Judgment be granted as to Vaughn's claims during the Hallway Incident.

### 3. *Toilet Incident*

During the alleged Toilet Incident, Vaughn alleges in his Complaint that upon arriving at booking, Anaya and the other unnamed officer placed Vaughn's face "into the violent cells [sic] toilet in the ground."  (ECF No. 27, p. 11).

However, the Court finds no evidence before it to support Vaughn's allegations.  In Anaya's Affidavit, Anaya states that "Vaughn was moved to the violent cell" and "was secured in the violent cell without further incident."  (ECF No. 82-3, p. 3); *see also* (ECF No. 82-4, p. 5) (unanswered admission request 16 stating: "[a]fter you made it to the floor of the violent cell, the handcuffs were removed[,] and you were secured in the violent cell without incident").  Further, Anaya states that "[i]n the Releasing area [outside the violent cell], Vaughn was being passive[ly] resistan[t] because he was still yelling obscenities and refusing to listen."  (ECF No. 82-3, p. 3); *see also* (ECF No. 82-4, p. 5) (unanswered admission request 13 and 14 stating: "[y]ou continued to passively resist when you arrived at violent cell" and "[s]ortly after arriving to the violent cell, you tried to get away from the officers['] grip and get yourself on the floor of the violent cell").

Finally, the Court finds it clear from the surveillance video that Anaya never placed Vaughn's face into the violent cell's toilet. *See* (ECF No. 82-6, 20:57:30-20:59:30); *see also* (ECF No. 82-4, p. 5) (unanswered 17 and 18 stating: "Officer Anaya never placed your face in the toilet found inside the violent cell"). No part of Vaughn's body went inside the toilet. Further, it is clear to the Court from the surveillance video that only Vaughn's torso was ever potentially over the toilet's opening. Vaughn's face was never over the opening of the toilet.

Balancing the factors provided in *Kingsley*, the Court finds that Anaya's conduct during the alleged Toilet Incident was objectively reasonable given the circumstances. First, the Court finds that the relationship between the need for the use of force, Vaughn continuing to destroy property and passively resisting, and the amount of force used, Anaya and other officers laying Vaughn on the ground to uncuff him, was properly proportionate. Additionally, Vaughn suffered no discernable injury from the encounter. *See* (ECF No. 82-7, p. 3) (affidavit of Nurse Regina Pereyra stating that "Vaughn did not present any [of] the alleged injuries contained in his [] Complaint or [attached exhibits]."). Further, as discussed above, although there is no evidence that Anaya perceived a direct threat of physical attack from Vaughn, Vaughn's prior history of incidents, in addition to Vaughn flooding his cell and destroying a phone in the visitation area, provides evidence that Anaya viewed Vaughn as a "recalcitrant inmate." *See Brown*, 2015 WL 6827260, at *5. Finally, Vaughn was passively resisting while Anaya and other officers were attempting to place Vaughn in the violent cell.

In sum, the Court finds that the *Kingsley* factors support the finding that Anaya's conduct during the alleged Toilet Incident was objectively reasonable given the circumstances. Accordingly, the Court recommends that Anaya's Motion for Summary Judgment be granted as to Vaughn's claims during the Toilet Incident.

### b. Vaughn Did Not Suffer Any Injuries

In his Complaint, Vaughn alleges that he was taken to "medical" where a nurse noticed red marks on Vaughn's neck and back. (ECF No. 27, p. 11). Vaughn alleges he requested that pictures be taken of his injuries, but his request was denied. (*Id.*). In the absence of photographs of his injuries, Vaughn provided hand-drawn illustrations in his Complaint indicating the locations of the marks on his body. *See* (*Id.* at p. 13).

"Since *Kingsley* clarified the standards for excessive force claims brought by pretrial detainees under the Fourteenth Amendment, the Court of Appeals for the Fifth Circuit has not held that an officer may be liable for a use of force that results in a *de minimis* injury." *Leeper v. Travis Cnty., Tex.*, 1:16-CV-819-RP, 2018 WL 5892377, at *7 (W.D. Tex. Nov. 9, 2018). Further, other circuits have held post-*Kingsley* that uses of force resulting in no injuries are not unreasonable. *See, e.g.*, *Smith v. Turner*, 834 F. App'x 261, 263 (7th Cir. 2021) (holding that the plaintiff's "medical records reflect[ed] no diagnosed physical injury to support an inference of excessive force"); *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 531 (6th Cir. 2018) (holding that shoving the plaintiff into a wall, resulting in no injury, was not objectively unreasonable); *see also Jackson v. Buckman*, 756 F.3d 1060, 1067-68 (8th Cir. 2014) (pre-*Kingsley* case holding that "a *de minimis* quantum of force is not actionable under the Due Process Clause"). Likewise, several district courts within the Fifth Circuit have held post-*Kingsley* that uses of force are not unreasonable when a plaintiff suffers no injuries, unless the use of force was malicious or sadistic. *See, e.g.*, *Abdullah v. Tex.*, A-18-CA-1076-LY, 2019 WL 981942, at *5 (W.D. Tex. Feb. 27, 2019) ("A de minimis injury is sufficient to sustain a claim of excessive force only if it is the product of the malicious and sadistic use of force. . . . Plaintiff alleges no injury with respect to the use of pepper spray. Accordingly, Plaintiff has failed to allege a violation of his constitutional rights."

(citing *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010))); *Andrew v. St. Tammany Parish Prison*, CA NO. 15-2105, 2016 WL 447680, at *10-11 (E.D. La. Jan. 15, 2016) (finding no excessive use of force when "[t]he deputy's conduct was very brief and caused plaintiff no physical injuries"); *Vaughn v. Acosta*, EP-20-CV-00246-KC-ATB, 2021 WL 232135, at *7 (W.D. Tex. Jan. 22, 2021) ("[Plaintiff's] Complaint fails to plead sufficient facts for the Court to infer either that [defendant] had punitive intent or that he used more than a *de minimis* level of force. Accordingly, the Court finds that [plaintiff] has failed to plead that [defendant's] actions were an objectively unreasonable use of force that amounted to punishment of a pretrial detainee."), *report and recommendation adopted*, EP-20-CV-246-KC, at *6 (W.D. Tex. Feb. 9, 2021) ("[Plaintiff's allegation concerning the application of a *de minimis* quantum of force is simply not a constitutional tort actionable in a federal court.").

Here, Vaughn was taken to the inmate clinic and examined by Nurse Clinic Supervisor Regina Pereyra ("Pereyra"). (ECF No. 27, p. 11); (ECF No. 82, p. 6). In the uncontroverted "Sworn Affidavit of Regina Pereyra" ("Pereyra's Affidavit"),[6] Pereyra stated that she "compared [her] clinic notes to Vaughn's injury claims and confirmed with certainty that on January 31, 2020 Vaughn did not present any [of] the alleged injuries contained in his [] Complaint or [attached exhibits]." (ECF No. 82-7, p. 3).

In sum, the Court finds that Vaughn suffered no injury. Further, the Court finds that Vaughn has not referred to any evidence in the record before the Court that Anaya's use of force was malicious or sadistic. Therefore, the Court finds that Vaughn has failed to show any evidence

---

[6] While a court will resolve factual disputes in the non-movant's favor, it must do so "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. Absent any proof, courts should not "assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan*, 497 U.S. at 888). Here, Vaughn has not responded to Anaya's Motion for Summary Judgment nor objected to Pereyra's Affidavit. Therefore, the Court finds the facts contained in Pereyra's Affidavit to be uncontroverted and therefore accepts them as true.

that any use of force by Anaya was objectively unreasonable. Accordingly, the Court recommends granting Anaya's Motion for Summary Judgment because the uncontroverted evidence shows Vaughn suffered no physical injuries as a result of Anaya's conduct, and Anaya's conduct was not malicious or sadistic.

   **c. Anaya is Entitled to Qualified Immunity**

Anaya also argues that he is "shielded through qualified immunity because his actions were, at all times, reasonable." (ECF No. 82, p. 8).

Qualified immunity protects "state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 200 (5th Cir. 2020) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 200-01 (internal citation omitted) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "[L]ower courts have discretion to decide which of the two prongs of [the qualified immunity] analysis to tackle first." *Id.* at 201 (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)). Further, courts may "resolve the case on a single prong." *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020).

Here, Vaughn alleges that Anaya "punched [Vaughn] 2 times in [his] lower right back then put [Vaughn] in a head lock [sic]," "slammed [Vaughn] into the door hitting [his] face" while taking Vaughn to the visitation cell, and placed Vaughn's face "into the violent cells [sic] toilet in the ground." (ECF No. 27, p. 10-11). However, as discussed above, the Court has failed to find

14

how the evidentiary record shows that Anaya has violated any of Anaya's constitutional rights. Therefore, the Court finds that Vaughn has not met his burden to overcome Anaya's qualified immunity defense. *See Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010) ("If we determine that no constitutional violation occurred, our [qualified immunity] inquiry ends."). Accordingly, the Court recommends Anaya's Motion for Summary Judgment be granted based on qualified immunity.

### d. Vaughn Failed to Respond to Anaya's Motion for Summary Judgment

The Court notes that Vaughn did not file a response to Anaya's Motion for Summary Judgment. Pursuant to Local Rule 7(e)(2), "[i]f there is no response [to a motion] filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2). Anaya filed his Motion for Summary Judgment on September 3, 2021. *See* W.D. Tex. Civ. R. 7(e)(2) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion."). Accordingly, the Court finds that Vaughn has failed to file a timely response to Anaya's Motion for Summary Judgment, and therefore, the Court recommends that Anaya's Motion for Summary Judgment be granted as unopposed.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the undisputed evidence negates Vaughn's claims that Anaya used excessive force and shows that Vaughn suffered no injury. Further, the Court finds that Anaya is entitled to the defense of qualified immunity. Finally, the Court finds that Vaughn has not responded to Anaya's Motion for Summary Judgment and as such the Motion should be granted as unopposed.

Accordingly, the Court **RECOMMENDS** that Defendant Anaya's Motion for Summary Judgment be **GRANTED.**

**SIGNED** and **ENTERED** this 8th day of October, 2021.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**